**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



_____
Mary Ann Whipple
United States Bankruptcy Judge

**Dated: March 10 2016**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.: 15-31692 |
| | ) | |
| Todd Zimmerman, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Adv. Pro. No. 15-3093 |
| | ) | |
| Christopher P. Trentadue, | ) | Hon. Mary Ann Whipple |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Todd Zimmerman, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OF DECISION AND ORDER
DENYING MOTION FOR SUMMARY JUDGMENT**

This adversary proceeding is before the court on Plaintiff's Motion for Summary Judgment and memorandum in support thereof [Doc. ## 7 & 8], Defendant's opposition [Doc. # 9], and Plaintiff's reply [Doc. # 10].  Defendant is the debtor in the underlying Chapter 7 case pending in this court.  This proceeding involves the dischargeability of a debt owed to Plaintiff as a result of a state court judgment in the amount of $35,000.  Plaintiff contends that the debt is non-dischargeable under 11 U.S.C. § 523(a)(6) by virtue of the doctrine of collateral estoppel.  For the following reasons, Plaintiff's motion will be denied.

## FACTUAL BACKGROUND

In 2004, Plaintiff brought a lawsuit against Defendant in the Court of Common Pleas, Lorain County, Ohio ("State Court"). [Doc. # 1, Complaint, ¶ 3; Doc. # 3, Answer, ¶ 1]. Plaintiff includes in the record in support of his Motion the following documents relating to the State Court litigation: Plaintiff's complaint, the State Court docket sheet, Plaintiff's motion for default judgment, Journal Entry of default, subpoena served on Defendant on January 25, 2005, Final Judgment Entry, [Pl. Exs. 1-6]. In addition, Plaintiff includes a Declaration of Plaintiff's Counsel. [Pl. Ex. 7]. Based upon the State Court documents and counsel's declaration, the court finds that the following facts are undisputed.

The State Court complaint was brought against Defendant and T&C Auto Medics Inc. ("T&C") and was served by certified mail on Defendant. [*See* Pl. Ex. 2, p. 1]. Plaintiff alleged in the complaint that he and Defendant were fifty percent shareholders in T&C, with Defendant controlling the day-to-day operations of the company. [Pl. Ex. 1, ¶¶ 2-3]. He alleged that the parties agreed to make equal contributions of capital and labor and that T&C was to employ Plaintiff as a full-time mechanic as long as Plaintiff remained a shareholder of T&C. [*Id.* at 4-5]. He further alleged that in 2004, Defendant terminated Plaintiff's employment, "expelled him from the corporate place of business," changed the name of the business and thereafter operated the business as if he were the sole owner and, in so doing, "acted with ill will and malice toward [P]laintiff and/or with a reckless disregard of the [P]laintiff's rights of ownership in the company." [*Id.* at ¶ 6].

Based upon these factual allegations, Plaintiff alleged four causes of action: (1) breach of contract, (2) breach of fiduciary duty, (3) wrongful discharge, and (4) conversion of tools and business equipment that he alleges were his capital contributions to the company. [*Id.* at ¶¶ 7-21]. In his prayer for relief, Plaintiff sought an accounting of all profits and monies Defendant "wrongfully appropriated from T&C," a permanent injunction preventing Defendant and T&C from conducting the affairs of T&C in a manner inconsistent with Plaintiff's shareholder rights, and judgment for compensatory and punitive damages against Defendant and T&C jointly and severally . [*Id.* at 5].

Neither Defendant nor T&C filed an answer to the complaint in State Court. [*See* Pl. Ex. 2]. Plaintiff filed a motion for default judgment on the issue of liability only. [*See* Pl. Ex. 3, p.3]. A Journal Entry was entered on December 29, 2004, that provided in its entirety as follows:

> This cause came for a hearing on December 28, 2004, upon the complaint and subsequent Motion for Default Judgment. Defendants having failed to enter an appearance although duly served with process according to law. Accordingly, the Court hereby enters judgment in favor of Plaintiff and against Defendants.

2

This case is set for a damages hearing on Friday, January 14, 2005 at 10:00 A.M.

[Pl. Ex. 4]. The damages hearing was later rescheduled for February 4, 2005. [Pl. Ex. 2, p. 2]. Prior to the hearing, Plaintiff caused a subpoena duces tecum to be issued and served on T&C, commanding it to appear at the February 4, 2005 hearing and bring "the documents listed on the attached sheet." [Pl. Ex. 5]. The "attached sheet" is not part of the record before this court. Defendant did not appear at the February 4 hearing or otherwise respond to the subpoena. [Pl. Ex. 7, ¶ 8]. On February 15, 2005, the State Court entered a Final Judgment Entry, providing in its entirety as follows:

> Defendants T & C Auto Medics, Inc. and Todd Zimmerman having failed to answer or otherwise defend, and plaintiff being entitled to a judgment by default, this matter came to be heard on February 4, 2005 to determine plaintiff's damages. This matter having been heard, it is hereby determined that plaintiff's damages are THIRTY-FIVE THOUSAND DOLLARS ($35,000.00). Accordingly, judgment is entered in favor of the plaintiff Christopher Trentadue and against the defendants T&C Auto Medics, Inc. and Todd Zimmerman, jointly and severally, in the amount of THIRTY-FIVE THOUSAND DOLLARS ($35,000.00) with interest to run at the rate allowable by law from July 1, 2003 until the judgment is paid. It is so ordered.

[Pl. Ex. 6].

On May 21, 2015, Defendant filed a petition for relief under Chapter 7 of the Bankruptcy Code. Plaintiff timely commenced this adversary proceeding, seeking a determination that the State Court judgment debt is nondischargeable under § 523(a)(6) as a debt for willful and malicious conversion of Plaintiff's property. [Doc. # 1, ¶ 9-10].

## LAW AND ANALYSIS

### I. Summary Judgment Standard

Under Rule 56 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7056, summary judgment is proper only where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In reviewing a motion for summary judgment, however, all inferences "must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-88 (1986). The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion, "and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party has met its initial burden, the adverse party "may not rest upon the mere allegations or denials of his pleading but . . . must set forth specific facts showing that there is a

3

genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue for trial exists if the evidence is such that a reasonable factfinder could find in favor of the nonmoving party. *Id*.

## II.  11 U.S.C. § 523(a)(6)

Plaintiff seeks a nondischargeability determination under § 523(a)(6) with respect to the debt owed by Defendant pursuant to the state court judgment. That subsection provides that a debt "for willful and malicious injury by the debtor to another entity or to the property of another entity" is not dischargeable. 11 U.S.C. § 523(a)(6). In order to be entitled to a judgment that the debt is excepted from discharge, Plaintiff must prove by a preponderance of the evidence that the injury from which the debt arises was both willful and malicious. *Markowitz v. Campbell (In re Markowitz)*, 190 F.3d 455, 463 (6th Cir. 1999); *J & A Brelage, Inc. v. Jones (In re Jones)*, 276 B.R. 797, 801-2 (Bankr. N.D. Ohio 2001).

Addressing the "willful" requirement of § 523(a)(6), the Supreme Court explained in *Kawaauhau v. Geiger*, 523 U.S. 57 (1998), that "[t]he word 'willful' in (a)(6) modifies the word 'injury,' indicating that nondischargeability takes a deliberate or intentional *injury,* not merely a deliberate or intentional *act* that leads to injury." *Id.* at 61-62. A willful injury occurs when "(I) the actor desired to cause the consequences of the act or (ii) the actor believed that the given consequences of his act were substantially certain to result from the act." *Monsanto Co. v. Trantham (In re Trantham)*, 304 B.R. 298, 307 (B.A.P. 6th Cir. 2004) (citing *Markowitz v. Campbell (In re Markowitz)*, 190 F.3d 455, 464 (6th Cir. 1999)). Under § 523(a)(6), "'malicious' means in conscious disregard of one's duties or without just cause or excuse; it does not require ill-will or specific intent." *Id.* (citing *Wheeler v. Laudani*, 783 F.2d 610, 615 (6th Cir. 1986)).

Plaintiff argues that he is entitled to judgment as a matter of law on his complaint in this case based upon the collateral estoppel, or issue preclusion, effect of the State Court judgment.

### A.  Collateral Estoppel

According to Plaintiff, the collateral estoppel, or issue preclusion, effect of the State Court judgment precludes Defendant from arguing that the debt owed by him is not a debt for willful and malicious injuries. Under 28 U.S.C. § 1738, the federal full faith and credit statute, a federal court must accord a state court judgment the same preclusive effect the judgment would have in state court. *Corzin v. Fordu (In re Fordu),* 201 F.3d 693, 703 (6th Cir. 1999). In determining whether the prior judgment should be given preclusive effect in a federal action, the federal court must apply the law of the state in which the prior judgment was rendered. *Id.* Thus, in this case, the court must apply Ohio issue preclusion principles.

Under Ohio law, there are four prerequisites to the application of the doctrine of collateral estoppel: (1) a final judgment on the merits after a full and fair opportunity to litigate the issue; (2) the issue  was

4

actually and directly litigated in the prior action and must have been necessary to the final judgment; (3) the issue in the present suit must have been identical to the issue in the prior suit; and (4) the party against whom estoppel is sought was a party or in privity with the party to the prior action. *Sill v. Sweeney (In re Sweeney)*, 276 B.R. 186, 189 (B.A.P. 6th Cir. 2002);[1] *Cianciola v. Johnson's Island Prop. Owner's Assn.*, 981 N.E.2d 311, 315 (Ohio App. 2012). "Issue preclusion precludes the relitigation of an issue that has been *actually and necessarily* litigated and determined in a prior action." *MetroHealth Medical Ctr. v. Hoffmann-LaRoche, Inc.*, 80 Ohio St. 3d 212, 217 (1997) (emphasis added). The person asserting collateral estoppel carries the burden of proving its requirements by a preponderance of the evidence. *A Packaging Service Co. v. Siml (In re Siml),* 261 B.R. 419, 422 (Bankr. N.D. Ohio 2001).

It is undisputed that Defendant was a party in the prior State Court action and that a final judgment was entered in that proceeding. It is also undisputed that Defendant was served with the State Court complaint by certified mail and, thus, had a full and fair opportunity to litigate the issues alleged in that action. The fact that he filed no answer and offered no defense is of no consequence. It is only necessary that the opportunity to fully and fairly litigate the issues be available; it is not required that the party have exercised that opportunity. *Sloan Dev., LLC v. Gill (In re Gill)*, Adv. No. 11-3067, 2012 WL 909513, at *3, 2012 Bankr. LEXIS 1133, *9 (Bankr. N.D. Ohio March 15, 2012). Thus, the first and fourth elements under *Sweeney* are satisfied.

As to the third element, Plaintiff relies upon his allegation that Defendant acted with ill will and malice toward him and/or with a reckless disregard of his rights of ownership in T&C and his conversion claim alleged in that complaint and argues that there is no question that the deliberate taking of property in which Plaintiff had an ownership interest resulted in a willful and malicious injury. According to Plaintiff, these allegations mirror what must be proven with respect to his § 523(a)(6) claim in this proceeding. Even assuming the third element is satisfied, Plaintiff has not shown that his conversion claim or the malice issue was actually and directly litigated in the State Court action or that a finding in his favor on those issues were necessary to the final judgment.

The question of whether the "actually litigated" element is satisfied when a default judgment is entered was addressed in *Sill v. Sweeney (In re Sweeney)*, 276 B.R. 186 (B.A.P. 6th Cir. 2002). Noting that the Supreme Court has not spoken directly on this issue and noting the lack of any clear guidance by the

---

[1]

The Sixth Circuit Court of Appeals has adopted the *Sweeney* statement of the elements of collateral estoppel under Ohio law, albeit in an unpublished decision. *Sanderson Farms, Inc. v. Gasbarro*, 299 F. App'x 499, 504-05 (6th Cir. 2008)(unpublished).

intermediate Ohio appellate courts, the rule gleaned by the Sixth Circuit Bankruptcy Appellate Panel from the few cases available is that "a default judgment must contain express findings in order to be given preclusive effect in subsequent litigation between the parties." *Id.* at 193. The Panel adopted the rule set forth in *Hinze v. Robinson (In re Robinson)*, 242 B.R. 380 (Bankr. N.D. Ohio 1999). Sweeney, 276 B.R. at 194. In *Robinson,* the court held that the preclusive effect of a default judgment is limited to situations in which two circumstances must exist:

> First, the plaintiff must actually submit to the state court admissible evidence apart from his pleadings. In other words, a plaintiff's complaint, standing alone, can never provide a sufficient basis for the application of the collateral estoppel doctrine. Second, the state court, from the evidence submitted, must actually make findings of fact and conclusions of law which are sufficiently detailed to support the application of the collateral estoppel doctrine in the subsequent proceeding. In addition, given other potential problems that may arise with applying the collateral estoppel doctrine to default judgments (e.g., due process concerns), this Court will only make such an application if the circumstances of the case would make it equitable to do so.

*Id.* at 193-94 (quoting *Robinson*, 242 B.R. at 387).

Plaintiff cites, and this court is aware of, no subsequent Ohio case that provides contrary or additional guidance on the issue. The court finds the earlier cases cited by Plaintiff distinguishable and unpersuasive. *See Corydon Palmer Dental Soc'y v. Johnson, Johnson & Assocs., Inc.*, No. 87 C.A. 121, 1988 WL 21334, 1988 Ohio App. LEXIS 554 (Ohio App. Feb. 16, 1988) (applying collateral estoppel to judgment where trial court made findings in its judgment entry that the plaintiff was negligent); *Merkle v. Hodary*, No. C-990223, 2000 WL 145325, *4, 2000 Ohio App. LEXIS 428, *12-13 (Ohio Ct. App. Feb. 11, 2000) (recognizing that collateral estoppel was not consistently applied to default judgments in Ohio and applying the doctrine where the defendant had contested the trial court's subject matter jurisdiction and jurisdiction over his person but not the matter in issue); *Rico's Red Lion Pizza Parlors, Inc. v. Amusement World, Inc.*, No. 7889, 1983 WL 4827, *5, 1983 Ohio App.LEXIS 13218, *12 (Ohio Ct. App. Feb. 23, 1983) (citing Oregon case law and stating with respect to an Oregon judgment that "collateral estoppel as to matters essential to the judgment applies to judgments by default"); *Broadway Management, Inc. v. Godale*, 55 Ohio App. 2d 49, 50 (1977) (finding default judgment was res judicata as to any compulsory counterclaims that could have been filed); *Crowe v. Riley*, 63 Ohio St. 1, 10 (1900) (giving preclusive effect to a prior judgment where the defendant had failed to answer an amended complaint but had appeared and filed an answer to the original complaint that was later withdrawn).

Plaintiff attempts to distinguish *Sweeney* from the facts of this case by arguing that (1) the due process concerns in that case are not present here and (2) unlike *Sweeney,* where the debtor did not

6

"affirmatively deprive" the plaintiff of the evidence necessary to prove his case, here Defendant denied Plaintiff access to the company records that would identify the property and funds taken for his own use, placed corporate assets beyond Plaintiff's reach, and failed to comply with the subpoena duces tecum served on him. Plaintiff's arguments are not persuasive. While the court agrees that the due process concerns in *Sweeney* regarding the defendant's actual notice of the case are not concerns in this proceeding, those concerns were relevant to the court's determination of whether the defendant had a full and fair opportunity to litigate the issues in that case, not whether the issues were actually and directly litigated. *See Sweeney*, 276 B.R. at 189-92.

To the extent that Plaintiff argues that the "actually litigated" requirement for application of collateral estoppel does not apply because Defendant did not comply with the subpoena duces tecum, the court disagrees. Plaintiff had already obtained a judgment of default as to Defendant's liability. The subpoena requested documents for use at the damages hearing, not to support Plaintiff's claim of liability on the various counts alleged in the State Court complaint. There is no evidence that Plaintiff sought imposition of any penalty for Defendant's noncompliance with the subpoena. Rather Plaintiff proceeded with evidence consisting of testimony by him and his wife at the damages hearing, and the State Court awarded him damages in the amount of $35,000 plus interest. While the issue of Plaintiff's damages was actually litigated, issues relating to liability on any specific claim were not. Cases cited by Plaintiff for the proposition that issue preclusion applies to default judgments where the litigant obstructed the discovery process are distinguishable. In each of the cases, the courts applied collateral estoppel to a penalty default judgment, distinguishing between "true" default judgments where the defendant failed to answer the complaint from "penalty" default judgments entered after a Defendant had filed an answer. *Anderson v. Fisher (In re Anderson)*, 520 B.R. 89, 94-95 (applying Tennessee law and finding that fraud issues were actually litigated where the defendant had filed an answer but failed to respond properly to discovery requests and a penalty default judgment was entered); *Wolstein v. Docteroff (In re Docteroff)*, 133 F.3d 210, 215 (3d Cir. 1997) (noting that "this is not a typical default judgment" and finding that issue was deemed to have been actually litigated where the defendant participated extensively in the lawsuit before deciding to willfully obstruct discovery); *Bush v. Balfour Beatty Bahamas, Ltd. (In re Bush)*, 62 F.3d 1319, 324 (11th Cir. 1995) (refusing to give party "second bit at the apple" where he actively participated in the prior action and subsequently engaged in deliberately obstructive conduct resulting in a penalty default judgment). Unlike the cases cited by Plaintiff, at no point in the State Court action did Defendant answer or actively participate in the case. The court finds that the reasoning in the above cited cases does not apply to the facts of this case as a "true" default judgment was entered as to liability on the State Court complaint.

The court thus follows the rule of law set forth in *Sweeney* and *Robinson* and finds that Plaintiff has not met his burden of showing that Defendant's liability on the conversion claim and that Defendant acted with malice or in reckless disregard of Plaintiff's rights were actually or directly litigated or that such findings were necessary to the final judgment. There is no evidence or argument that Plaintiff submitted any evidence regarding Defendant's liability on any claim asserted in the State Court action. And there is no evidence that the State Court made any findings of fact or conclusions of law, formally or informally. The default judgment regarding liability included no express findings and is based solely on Defendant's failure to enter an appearance and answer the complaint. In addition to his conversion claim, Plaintiff's State Court complaint alleged claims for breach of contract, breach of fiduciary duty, and wrongful discharge. Thus, there is no basis for concluding that a finding of liability on Plaintiff's conversion claim was necessary to the final judgment entered, which could just as well be based on the breach of contract claim. And, finally, the court finds no basis for, and rejects, Plaintiff's argument that the "logical conclusion" from the State Court's lack of specification as to whether the damage award includes punitive damages is that it includes both compensatory and punitive damages.

**THEREFORE**, for all of the foregoing reasons, good cause appearing,

**IT IS ORDERED** that Plaintiff's Motion for Summary Judgment [Doc. # 7] be, and hereby is, **DENIED.**

###

15-03093-maw    Doc 11    FILED 03/10/16    ENTERED 03/10/16 11:41:24    Page 8 of 8