The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.



Mary Ann Whipple
United States Bankruptcy Judge

Dated: August 3 2016

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.: 15-31692 |
| | ) | |
| Todd Zimmerman, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Adv. Pro. No. 15-3093 |
| | ) | |
| Christopher P. Trentadue, | ) | Hon. Mary Ann Whipple |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Todd Zimmerman, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OF DECISION AND ORDER
DENYING MOTION FOR SUMMARY JUDGMENT**

This adversary proceeding is before the court on Defendant's Motion for Judgment on the Pleadings or, in the alternative, for Summary Judgment ("Motion") [Doc. # 18], and Plaintiff's opposition [Doc. # 19]. Defendant is the debtor in the underlying Chapter 7 case pending in this court. Plaintiff alleges in his complaint that a debt owed to him by Defendant as a result of a state court judgment in the amount of

$35,000 is nondischargeable under 11 U.S.C. § 523(a)(6). In his Motion, Defendant argues that the state court judgment precludes a finding of willful and malicious injury under § 523(a)(6). For the reasons that follow, Defendant's motion will be denied.

## BACKGROUND

In 2004, Plaintiff brought a lawsuit against Defendant in the Court of Common Pleas, Lorain County, Ohio ("State Court"). [Doc. # 1, Complaint, ¶ 3; Doc. # 3, Answer, ¶ 1]. In his complaint in this proceeding, Plaintiff alleges and Defendant admits that the State Court complaint was a multi-count complaint, that the Defendant failed to answer or otherwise defend against the complaint and that the State Court entered a default judgment against Defendant in the amount of $35,000, plus interest and costs. [Doc. # 1, ¶¶ 4-6; Doc. # 3, ¶¶ 2-4]. Plaintiff further alleges, and Defendant denies, that the State Court judgment resulted from the willful and malicious conversion of plaintiff's property. [Doc. # 1, ¶ 9; Doc. # 3, ¶ 6].

In support of his Motion, Defendant also includes in the record Plaintiff's State Court complaint and the State Court's Final Judgment Entry. [Def. Exs. A & B]. In addition, Defendant relies on the following documents relating to the State Court litigation that were attached as exhibits to Plaintiff's prior unsuccessful motion for summary judgment and of which the court takes judicial notice:[1] the State Court docket sheet, Plaintiff's motion for default judgment, Journal Entry of default, and subpoena served on Defendant. [Doc. # 8, Pl. Exs. 2-5 attached thereto].

The State Court complaint was brought against Defendant and T&C Auto Medics Inc. ("T&C"). [*See* Def. Ex. A]. Plaintiff alleged in the State Court complaint that he and Defendant were fifty percent shareholders in T&C, with Defendant controlling the day-to-day operations of the company. [*Id.* at ¶¶ 2-3]. He alleged that the parties agreed to make equal contributions of capital and labor and that T&C was to employ Plaintiff as a full-time mechanic as long as Plaintiff remained a shareholder of T&C. [*Id.* at 4-5]. He further alleged that in 2004, Defendant terminated Plaintiff's employment, "expelled him from the corporate place of business," changed the name of the business and thereafter operated the business as if he were the sole owner and, in so doing, "acted with ill will and malice toward [P]laintiff and/or with a reckless disregard of the [P]laintiff's rights of ownership in the company." [*Id.* at ¶ 6].

---

[1] The court takes judicial notice of the contents of its case docket. Fed. R. Bankr. P. 9017; Fed. R. Evid. 201(b)(2); *In re Calder*, 907 F.2d 953, 955 n.2 (10th Cir. 1990); *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1171-72 (6th Cir. 1979) (stating that judicial notice is particularly applicable to the court's own records of litigation closely related to the case before it). A court that is ruling on a Rule 12(c) motion may consider materials outside the pleading if the materials are public records or are otherwise appropriate for the taking of judicial notice. *Whittiker v. Deutsche Bank Nat. Trust Co.*, 605 F. Supp. 2d 914, 925 (N.D. Ohio 2009) (citing *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008)); *Lindsay v. Yates,* 498 F.3d 434, 437 n.5 (6th Cir. 2007) (explaining that the legal standard for adjudicating a Rule 12(c) motion is the same as for a Rule 12(b)(6) motion)).

Based upon these factual allegations, Plaintiff alleged four causes of action in the State Court complaint: (1) breach of contract, (2) breach of fiduciary duty, (3) wrongful discharge, and (4) conversion of tools and business equipment that he alleges were his capital contributions to the company. [*Id.* at ¶¶ 7-21]. In his prayer for relief in the State Court complaint, Plaintiff sought an accounting of all profits and monies Defendant "wrongfully appropriated from T&C," a permanent injunction preventing Defendant and T&C from conducting the affairs of T&C in a manner inconsistent with Plaintiff's shareholder rights, and judgment for compensatory and punitive damages against Defendant and T&C jointly and severally. [*Id.* at 5].

Neither Defendant nor T&C filed an answer to the State Court complaint. [*See* Doc. # 8, Pl. Ex. 2]. Plaintiff filed a motion for default judgment on the issue of liability only. [*See id.*, Pl. Ex. 3, p.3]. The State Court entered a Journal Entry on December 29, 2004, that provides in its entirety as follows:

> This cause came for a hearing on December 28, 2004, upon the complaint and subsequent Motion for Default Judgment. Defendants having failed to enter an appearance although duly served with process according to law. Accordingly, the Court hereby enters judgment in favor of Plaintiff and against Defendants.
>
> This case is set for a damages hearing on Friday, January 14, 2005 at 10:00 A.M.

[Pl. Ex. 4]. The damages hearing was later rescheduled for February 4, 2005. [*Id.*, Pl. Ex. 2, p. 2]. Following that hearing, on February 15, 2005, the State Court entered a Final Judgment Entry, providing in its entirety as follows:

> Defendants T & C Auto Medics, Inc. and Todd Zimmerman having failed to answer or otherwise defend, and plaintiff being entitled to a judgment by default, this matter came to be heard on February 4, 2005 to determine plaintiff's damages. This matter having been heard, it is hereby determined that plaintiff's damages are THIRTY-FIVE THOUSAND DOLLARS ($35,000.00). Accordingly, judgment is entered in favor of the plaintiff Christopher Trentadue and against the defendants T&C Auto Medics, Inc. and Todd Zimmerman, jointly and severally, in the amount of THIRTY-FIVE THOUSAND DOLLARS ($35,000.00) with interest to run at the rate allowable by law from July 1, 2003 until the judgment is paid. It is so ordered.

[Def. Ex. B]. Plaintiff did not request of the State Court additional findings of fact. [*See* Doc. # 8, Pl. Ex. 2].

On May 21, 2015, Defendant filed a petition for relief under Chapter 7 of the Bankruptcy Code. Plaintiff timely commenced this adversary proceeding, seeking a determination that the State Court judgment debt is nondischargeable under § 523(a)(6) as a debt for willful and malicious conversion of Plaintiff's property. [Doc. # 1, ¶ 9-10]. Plaintiff filed a motion for summary judgment based upon the

collateral estoppel, or issue preclusion, effect of the State Court default judgment. On March 10, 2016, the court entered a Memorandum of Decision and Order denying Plaintiff's motion, which is discussed more fully below. [Doc. # 11].

## LAW AND ANALYSIS

**I. Judgment on the Pleading/Summary Judgment Standards**[2]

The proper standard for deciding a motion brought under Rule 12(c) of the Federal Rules of Civil Procedure, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7012, is the same as for a motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Id.* (quoting *Southern Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir.1973)). The court "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* at 581-82. "A Rule 12(c) motion 'is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law.'" *Id.* at 582 (quoting *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir.1991)).

Similarly, under Rule 56 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7056, summary judgment is proper only where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In reviewing a motion for summary judgment, all inferences "must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-88 (1986). The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion, "and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party has met its initial burden, the adverse party "may not rest upon the mere allegations or denials of his pleading but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue for trial exists if the evidence is such that a reasonable factfinder could find in favor of the nonmoving party.

---

[2] The court notes that it has taken judicial notice of all evidence outside the pleadings offered by Defendant. Thus, no additional evidence is offered in support of a summary judgment motion.

*Id.*

## II. 11 U.S.C. § 523(a)(6)

In his complaint in this court, Plaintiff seeks a nondischargeability determination under § 523(a)(6) with respect to the debt owed by Defendant pursuant to the State Court judgment. That subsection provides that a debt "for willful and malicious injury by the debtor to another entity or to the property of another entity" is not dischargeable. 11 U.S.C. § 523(a)(6). In order to be entitled to a judgment that the debt is excepted from discharge, Plaintiff must prove by a preponderance of the evidence that the injury from which the debt arises was both willful and malicious. *Markowitz v. Campbell (In re Markowitz)*, 190 F.3d 455, 463 (6th Cir. 1999); *J & A Brelage, Inc. v. Jones (In re Jones)*, 276 B.R. 797, 801-2 (Bankr. N.D. Ohio 2001).

Addressing the "willful" requirement of § 523(a)(6), the Supreme Court explained in *Kawaauhau v. Geiger*, 523 U.S. 57 (1998), that "[t]he word 'willful' in (a)(6) modifies the word 'injury,' indicating that nondischargeability takes a deliberate or intentional *injury,* not merely a deliberate or intentional *act* that leads to injury." *Id.* at 61-62. A willful injury occurs when "(i) the actor desired to cause the consequences of the act or (ii) the actor believed that the given consequences of his act were substantially certain to result from the act." *Monsanto Co. v. Trantham (In re Trantham)*, 304 B.R. 298, 307 (B.A.P. 6th Cir. 2004) (citing *Markowitz v. Campbell (In re Markowitz)*, 190 F.3d 455, 464 (6th Cir. 1999)). Under § 523(a)(6), "'malicious' means in conscious disregard of one's duties or without just cause or excuse; it does not require ill-will or specific intent." *Id.* (citing *Wheeler v. Laudani*, 783 F.2d 610, 615 (6th Cir. 1986)).

As stated above, this court has previously denied Plaintiff's motion for summary based upon the collateral estoppel, or issue preclusion, effect of the State Court judgment, concluding as follows:

> Plaintiff has not met his burden of showing that Defendant's liability on the conversion claim and that Defendant acted with malice or in reckless disregard of Plaintiff's rights were actually or directly litigated or that such findings were necessary to the final judgment. There is no evidence or argument that Plaintiff submitted any evidence regarding Defendant's liability on any claim asserted in the State Court action. And there is no evidence that the State Court made any findings of fact or conclusions of law, formally or informally. The default judgment regarding liability included no express findings and is based solely on Defendant's failure to enter an appearance and answer the complaint. In addition to his conversion claim, Plaintiff's State Court complaint alleged claims for breach of contract, breach of fiduciary duty, and wrongful discharge. Thus, there is no basis for concluding that a finding of liability on Plaintiff's conversion claim was necessary to the final judgment entered.

[Doc. # 11, p. 8]. The court also rejected Plaintiff's argument that "the "logical conclusion" from the State Court's lack of specification as to whether the damage award includes punitive damages is that it includes

5

both compensatory and punitive damages. [*Id.*].

Defendant now argues that he is entitled to judgment as a matter of law on Plaintiff's complaint, arguing, in essence, that collateral estoppel principles preclude Plaintiff's claim. According to Defendant, Plaintiff presented his evidence of bad faith and malice in State Court and the State Court declined to award punitive damages as evidenced by the fact that the State Court did not make the findings of fact required by Ohio Revised Code § 2315.21(B)(3) and (C) for awarding punitive damages. Defendant thus argues that Plaintiff is precluded from relitigating the issue in an effort to alter the State Court judgment.

In determining whether a prior state court judgment should be given preclusive effect in a federal action, the federal court must apply the law of the state in which the prior judgment was rendered. *Corzin v. Fordu (In re Fordu),* 201 F.3d 693, 703 (6th Cir. 1999); 28 U.S.C. 1738. In this case, the court must apply Ohio issue preclusion principles. Under Ohio law, there are four prerequisites to the application of the doctrine of collateral estoppel: (1) a final judgment on the merits after a full and fair opportunity to litigate the issue; (2) the issue was actually and directly litigated in the prior action and must have been necessary to the final judgment; (3) the issue in the present suit must have been identical to the issue in the prior suit; and (4) the party against whom estoppel is sought was a party or in privity with the party to the prior action. *Sill v. Sweeney (In re Sweeney)*, 276 B.R. 186, 189 (B.A.P. 6th Cir. 2002); *Cianciola v. Johnson's Island Prop. Owner's Assn.*, 981 N.E.2d 311, 315 (Ohio App. 2012). "Issue preclusion precludes the relitigation of an issue that has been *actually and necessarily* litigated and determined in a prior action." *MetroHealth Medical Ctr. v. Hoffmann-LaRoche, Inc.*, 80 Ohio St. 3d 212, 217 (1997) (emphasis added). The person asserting collateral estoppel carries the burden of proving its requirements by a preponderance of the evidence. *A Packaging Service Co. v. Siml (In re Siml),* 261 B.R. 419, 422 (Bankr. N.D. Ohio 2001).

There is no dispute that the first and fourth elements under *Sweeney* are satisfied. However, Defendant has not met his burden with respect to the second and third elements. With respect to the second element, Defendant relies on his contention that Plaintiff presented evidence of Defendant's bad faith and malice in support of an award of punitive damages at the damages hearing in State Court. While Plaintiff may have presented evidence at a damages hearing, a transcript of that hearing is not part of the record before this court. Plaintiff sought an award of punitive damages in his State Court complaint; however, there is simply no evidence that Plaintiff actually pursued such an award at the damages hearing.

Moreover, even if Plaintiff had pursued an award of punitive damages, and even assuming for purposes of this Motion that the State Court then declined to award him such damages as Defendant

6

argues,[3] his issue preclusion argument must fail.  In *Wilmers v. Yeager (In re Yeager)*, 500 B.R. 547 (Bankr. S.D. Ohio 2013), the bankruptcy court persuasively addressed a similar argument.  In that case, the state court had declined to award punitive damages, finding that the judgment creditor had not shown by clear and convincing evidence the malicious nature of the debtor's acts.  *Id.* at 554-55.  Because the state court judgment was based upon the creditor not satisfying a higher standard of proof than the preponderance of the evidence standard required in a dischargeability proceeding, the bankruptcy court found that the state court judgment did not preclude litigation of the issue of malice with respect to the plaintiff's § 523(a)(6) claim.  *Id.* at 555; *cf. Walden v. Ohio*, 47 Ohio St. 3d 47, 51-52 (1989) (holding that an acquittal at a criminal trial did not bar relitigation of the defendant's innocence in a subsequent civil action for wrongful imprisonment, noting, among other things, that "[a]s a general rule, a verdict or judgment of acquittal in a criminal trial is a determination that the state has not met its burden of proof on the essential elements of the crime.  It is not necessarily a finding that the accused is innocent" and that "a claimant must first affirmatively prove her innocence by a preponderance of the evidence").

The version of Ohio Revised Code § 2315.21 in effect in February 2005, as well as the current version of that statute, required a party to prove entitlement to punitive damages by clear and convincing evidence.  Ohio Rev. Code § 2315.21(C)(2) (version in effect prior to April 7, 2005); Ohio Rev. Code § 2315.21(D)(4) (effective April 7, 2005).  Thus, even if the State Court actually considered and declined to award punitive damages, it did so by applying a higher standard of proof than the preponderance of the evidence standard applicable in this dischargeability proceeding.  In accordance with *Walden* and *Yeager*, under such circumstances, the State Court Judgment does not have preclusive effect on the issue of the willful and malicious nature of Plaintiff's injuries, and Defendant is not entitled to judgment as a matter of law.

**THEREFORE**, for all of the foregoing reasons, good cause appearing,

**IT IS ORDERED** that Defendant's Motion for Judgment on the Pleadings or in the Alternative Summary Judgment [Doc. # 18] be, and hereby is, **DENIED.**

###

---

[3] The court notes, however, that Defendant's reliance on the current version of Ohio Revised Code § 2315.21 as evidence that the State Court declined to award punitive damages is misplaced as that version of the statute was not in effect until April 7, 2005, nearly two months after entry of the State Court Judgment.

7